## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **BILLIE SCHMIDT,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**THIS OR THAT MEDIA, INC.,** a Delaware corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Billie Schmidt ("Plaintiff Schmidt" or "Schmidt") brings this Class Action Complaint and Demand for Jury Trial against Defendant This or That Media, Inc. d/b/a Insurance Step ("This or That Media" or "Defendant") to stop the Defendant from violating the Telephone Consumer Protection Act by sending telemarketing text messages *without consent* to consumers who registered their phone numbers on the National Do Not Call registry ("DNC"). Plaintiff Schmidt, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### PARTIES

1. Plaintiff Schmidt is a Wessington, South Dakota resident.

2. Defendant This or That Media is a Delaware corporation headquartered in Denver, Colorado. Defendant conducts business throughout this District and the United States.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is based in this District and because the wrongful conduct giving rise to this case was directed to Plaintiff from this District.

**INTRODUCTION**

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3). By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

11. According to online robocall tracking service "YouMail," 4 billion robocalls were placed in May 2021 alone, at a rate of 128.7 million calls per day. www.robocallindex.com (last visited on June 21, 2021).

12. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and

232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

13. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

14. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

15. Defendant This or That Media owns and operates the website Insurance Step which provides auto insurance quotes from various insurance providers.[3]

16. Defendant This or That Media places phone calls and sends text messages to hundreds if not thousands of consumers using the alias Insurance Step to solicit insurance products to them without ever receiving consumers' prior written consent to contact them.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

[3] https://insurancestep.com/is-terms

17. Aggrieved consumers have posted complaints about receiving unwanted solicitation calls and texts from the Defendant. Here are some such complaints regarding unsolicited calls received from "Insurance Step" the same alias of the Defendant This or That Media, from which Plaintiff Schmidt received calls and texts as well:



- [4]
- [5]

## PLAINTIFF'S ALLEGATIONS

18. Plaintiff Schmidt registered her cell phone number on the DNC on March 22, 2008, so that she would not receive unsolicited calls and text messages.

19. Plaintiff Schmidt's cell phone number is not associated with a business and is used for personal use only.

---

[4] https://www.google.com/search?q=insurancestep#lrd=0x876c91fad657f2ff:0xef551a501c9f915e,1,,,
[5] https://www.bbb.org/us/co/parker/profile/auto-insurance/insurance-step-1296-90267202/complaints

20. On June 3, 2021, at 1:23 PM, Plaintiff received a text message from the Defendant from the phone number (605) 453-2952 about auto insurance quotes for a "Buick 2011".


Image from June 3, 2021

21. Plaintiff Schmidt has never owned a Buick 2011 and she never requested for any auto insurance quotes from the Defendant regarding one.

22. An hour later the same day, June 3, 2021, at 2:23 PM, Plaintiff received a call from the same phone number (605) 453-2952 on her cell phone, which she did not answer.

23. On June 3, 2021, at 5:51 PM, Plaintiff received another text message on her cell phone from the Defendant using the same phone number (605) 453-2952:



Image from June 4, 2021

24. Later the same day, June 3, 2021, at 7:01 PM, Plaintiff received another call to her cell phone from the Defendant using the same phone number (605) 453-2952, which she did not answer.

25. On June 4, 2021, at 12:48 PM, Plaintiff received another call from the Defendant using the same phone number (605) 453-2952, which she did not answer.

26. On June 4, 2021, Plaintiff also received 2 text messages from the Defendant using the same phone number (605) 453-2952, at 11:56 AM and at 7:09 PM:



Image from June 4, 2021

27. On June 7, 2021, Plaintiff received 2 text messages from the Defendant using the same phone number (605) 453-2952, at 3:05 PM and at 7:23 PM:

8

> +1 (605) 453-2952
>
> cleared up. Let's hop on a quick call & review auto rates in SD!
>
> Today 3:05 PM
>
> Billie, I could assist you in your search for car insurance to get your BUICK 2011 insured! I'll call later today unless you have a better time in mind.
>
> Today 7:23 PM
>
> Hi Billie, I'm ready to work with you to find smart coverage for your 🚗 --You could save up to 20-25% in SD with InsuranceStep! When can we talk?

Figure from June 7, 2021

28. On June 8, 2021, at 1:25 PM, Plaintiff received another call to her cell phone from the Defendant using the same phone number (605) 453-2952, which she did not answer.

29. On June 9, 2021, at 7:00 PM, Plaintiff received yet another text message from the Defendant using the same phone number (605) 453-2952:

> Today 7:00 PM
>
> Just checking in to see if you've finished up your search for auto insurance, Billie. When works for a conversation? 📅

Figure from June 9, 2021

30. When this number (605) 453-2952 is called, a recorded voice message prompts to press 1 to speak with an agent for auto insurance quotes. On pressing 1, a different prerecorded voice message starts playing which identifies the company as "Insurance Step", an alias of Defendant This or That Media.

31. Plaintiff Schmidt has never provided her phone number or consent to be called by the Defendant. Plaintiff also has no prior business relationship with the Defendant.

32. The unauthorized solicitation text messages and calls that Plaintiff received from Defendant This or That Media d/b/a Insurance Step, as alleged herein, have harmed Plaintiff Schmidt in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

33. Seeking redressal for these injuries, Plaintiff Schmidt, on behalf of herself and a Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited

telemarketing text messages and calls to telephone numbers that are registered on the DNC.

## CLASS ALLEGATIONS
### Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From the Defendant's Actions

34. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of the Defendant) texted or called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff.

35. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

36. **Typicality and Numerosity**: On information and belief, there are thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the class that received texts and calls as part of the same telemarketing campaign as other members of the Class.

37. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant This or That Media d/b/a Insurance Step systematically sent multiple text messages to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent to send the texts;

(b) whether Defendant This or That Media d/b/a Insurance Step systematically placed multiple calls to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent to call them;

(c) whether Defendant's texts and calls to Plaintiff and other consumers were for telemarketing purposes;

(d) whether Defendant's conduct constitutes a violation of the TCPA; and

(e) whether members of the Class are entitled to treble damages based on the wilfulness of Defendant's conduct.

38. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to the Class.

39. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class, and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis.

A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Schmidt and the Do Not Call Registry Class)**

40. Plaintiff repeats and realleges the allegations in the preceding paragraphs of this complaint and incorporates them by reference

41. Defendant and/or its agents made multiple unwanted calls and sent solicitation text messages to Plaintiff and the other members of the Do Not Call Registry Class.

42. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation." To "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

43. Any "person who has received more than one telephone call within 12-month period by or on the behalf of the same entity in violation of the regulations prescribed under this subsection" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

44. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

45. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one call and/or text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

46. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

47. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages for the benefit of Plaintiff and the Class;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**BILLIE SCHMIDT**, individually and on behalf of those similarly situated individuals

Dated: July 7, 2021

*/s/Stefan Coleman*
Stefan Coleman
law@stefancoleman.com
Law Offices of Stefan Coleman, P.A.
201 S. Biscayne Blvd, 28th Floor,
Miami, FL 33131
Telephone: (877) 333-9427

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*